UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| BRYAN G. LEONARD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 12-249-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SHANNON WITHERS, Acting Warden, | ) | **MEMORANDUM OPINION** |
| United States Penitentiary-McCreary, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Bryan G. Leonard is a prisoner confined at the United States Penitentiary - McCreary ("USP-McCreary") in Pine Knot, Kentucky.[1] Proceeding without an attorney, Leonard has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1]

The Court conducts an initial review of *habeas corpus* petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). However, the Court evaluates Leonard's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Leonard's factual allegations as true, and construes

---

[1]The current Acting Warden of USP-McCreary is Shannon Withers. The Clerk of the Court will be directed to substitute Withers as the Respondent in this proceeding.

his legal claims in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).
After initial review, Leonard's petition will be dismissed because he can not pursue his claims
in a habeas corpus proceeding under § 2241.

## I.

On April 10, 2008, Leonard and eight co-defendants were charged in a multi-count drug
trafficking indictment in the United States District Court for the Western District of Missouri.
*See United States v. Bryan G. Leonard*, No. 08-00084-CR-W-DW (W.D. Mo. 2008).  Leonard
was charged in Counts 1 and 7-13 of the indictment, detailed as follows:  (Count 1) conspiracy
to manufacture and distribute 500 grams or more of methamphetamine; (Count 7) aiding and
abetting the attempted manufacture of 500 grams or more of methamphetamine; (Count 8) aiding
and abetting maintaining a place to manufacture, store, distribute and use methamphetamine;
(Count 9) creating a substantial risk of harm to human life while aiding and abetting the
manufacture or attempted manufacture of methamphetamine; (Count 10) aiding and abetting the
use, brandishing, or discharge of a firearm in furtherance of a drug crime; (Count 11) using a
dangerous weapon to assault a U.S. Marshal engaged in official duties; (Count 12) felon in
possession of a firearm; and (Count 13) destroying a building by means of an explosive device.
[*Id.*, at Record No. 1 therein]

Prior to trial, Leonard entered into a Plea Agreement with the United States.  At a change
of plea hearing held on August 7, 2008, he pled guilty to Counts 1, 9, 10, 11 and 13.  The United
States agreed to dismiss the remaining charges against him.  [*Id.*, at Record No. 91 therein]  In
his Plea Agreement, Leonard "expressly waive[d] his right to appeal his sentence, directly or

collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, a sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." The Plea Agreement also listed the statutory penalties for Counts 1, 9, 10, 11 and 13.  The minimum statutory penalty for Count 1 was listed as ten years imprisonment; however, because of a sentencing enhancement for a prior felony drug conviction, the minimum penalty for Count 1 became twenty years imprisonment.  The minimum statutory penalty for Count 10 was listed as ten years' imprisonment and for Count 13 was listed as five years' imprisonment.  Counts 9 and 11 had no minimum statutory penalties.  The maximum statutory penalty for Counts 1 and 10 were listed as life imprisonment.[2]  [*Id.,* at Record No. 90 therein]

On August 11, 2009, Leonard was sentenced to life imprisonment on Count 1; 120 months on Count 9; and 240 months on Counts 11 and 13 — to be served concurrently.  He was sentenced to 120 months on Count 10 to be served consecutively to the other sentences, for a total sentence of life plus 120 months imprisonment. [*Id.,* at Record No. 167 therein]

Despite the waiver of his right to collaterally attack his conviction or sentence, on April 8, 2010, Leonard filed a § 2255 motion seeking relief from the sentence imposed. Initially, Leonard sought relief on four grounds, but later amended his § 2255 motion.  *See Bryan G. Leonard v. United States*, Case No. 4:10-cv-0345-DW (W.D. Mo. 2010).  Leonard's amended § 2255 motion sought relief from his sentence, alleging that his counsel was ineffective for:  (1)

---

[2] On August 5, 2008, the United States filed a <u>Notice And Information Of Intent To Use Prior Convictions To Enhance Sentence Imprisonment</u>, putting Leonard on notice that he was subject to an enhanced sentence, pursuant to 21 U.S.C. §§ 841 and 851(a), due to a prior drug conviction in Johnson County, Kansas in 2004.  [*Id.* at Record No. 89 therein]

failing to appeal when requested; (2) failing to advise Leonard regarding the terms of the plea agreement; (3) not objecting to the Court's failure to inform Leonard that he was waiving his right to file a § 2255 motion; (4) failing to explain the criminal charges, sentencing guidelines and sentencing exposure to Leonard; (5) failing to review discovery with Leonard and provide proper legal advice about his options; (6) advising Leonard to sign the plea agreement; and (7) failing to properly research and advise Leonard about his criminal history. He also argued that his guilty plea was not knowing and voluntary.  In response, the United States contended that Leonard waived his right to collaterally attack his conviction and sentence, and even if Leonard's waiver was invalid, his claims lacked merit.

On December 14, 2010, the trial court denied Leonard's § 2255 motion, as amended. [*Id.*, at Record No. 25 therein]  The trial court also denied Leonard's motion for reconsideration of that decision. The Eighth Circuit Court of Appeals, in Case No. 11-1305, denied Leonard a certificate of appealability; and the United States Supreme Court denied Leonard's petition for a writ of certiorari. [*Id.*, at Record Nos. 28, 37 therein]

## II.

As grounds for his current petition, Leonard claims that: (1) the findings of fact made by the sentencing judge violate the Constitution; (2) the judgment against him was obtained fraudulently, rendering it void *ab initio*; (3) the court lacked subject matter jurisdiction; (4) his conviction was obtained in violation his due process rights; and (5) the court had no personal jurisdiction over him because the arrest warrant was defective.  Leonard requests that he be released immediately from his alleged unlawful confinement.  [Record No. 1, p. 6]

Leonard is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility issues which fall under the purview of Section 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Leonard appears to claim that his underlying conviction is unconstitutional for a variety of reasons. However, Section 2241 is not the mechanism for asserting such a challenge. Rather, 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. However, a prisoner may seek take utilize this provision only after his conviction has become final and the Supreme Court re-interprets the statute of conviction in such a manner that petitioner's actions would not constitute a violation the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where a prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 but was denied

relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

As previously stated, in April 2010, Leonard filed a § 2255 motion in the trial court wherein he claimed that his counsel was ineffective and that his guilty plea was not made knowingly and voluntarily.  In an Order entered December 14, 2010, the trial court thoroughly addressed each of Leonard's claims raised in the § 2255 motion and concluded that his claims of ineffective assistance of counsel were without merit and that Leonard's decision to enter into a plea agreement with the United States was knowing and voluntary.  *See Bryan G. Leonard v. United States*, Case No. 4:10-cv-0345-DW (W.D. Mo. 2010) [Record No. 25, therein].

In his current petition, Leonard does not cite any recent authority from the Supreme Court demonstrating an intervening change in the law that would establish his actual innocence of the offenses for which he was convicted.  However, he appears to rely heavily on *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), a case decided four years prior to Leonard's conviction in 2009.  Leonard seems to argue that, in imposing an enhanced sentence, the sentencing judge engaged in unlawful judicial fact-finding, in violation of *Booker* and the line of cases preceding it.  In *Booker*, the Supreme Court invalidated two sections of the Sentencing Reform Act of 1984 ("Act"), 18 U.S.C. §§ 3553(b)(1) and 3742(e), severed those sections from the Act, and determined that the guidelines advisory.

Leonard's reliance on *Booker* is misplaced, and his claim that the sentencing court engaged in unlawful judicial fact-finding is without merit.  The sentencing judge engaged in no judicial fact-finding when imposing an enhanced sentence.  Leonard was subject to an enhanced

sentence, including a life sentence, because of his prior criminal record.  Before Leonard entered into a plea agreement, the United States filed notice that it intended to seek an enhanced sentence because of his prior drug conviction in state court in Missouri.  It is clear that Leonard's sentence was enhanced solely for that reason and not because the trial court improperly engaged in judicial fact-finding.

Likewise, all other claims raised in Leonard's § 2241 petition do not enable to him to proceed under the savings clause of § 2255.  Leonard could have raised these claims in his § 2255 motion but did not do so.  To reiterate, § 2255's exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or asserts his claim in a prior post-conviction motion under Section 2255 and is denied relief.  *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Finally, to the extent that Leonard may be claiming that he is "actually innocent" of his sentencing enhancement (*i.e.*, that the enhanced prison sentence he is currently serving violates the Fifth and Sixth Amendments), he can not proceed with that claim in a § 2241 petition.  *See Jones v. Castillo*, No. 10-5376, 2012 WL 2947933, at *1 (6th Cir. July 20, 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241.").  The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences.  *See Peterman*, 249 F.3d at 462; *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012).

This Court has rejected claims brought by § 2241 petitioners alleging improper sentence enhancements based upon prior state convictions.  And the Sixth Circuit has approved that approach.  *See Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (same); *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010).

**III.**

Leonard may not proceed with his claims challenging either his underlying drug conviction or his sentence that was enhanced pursuant to 21 U.S.C. §§ 841 and 851(a) due to a prior drug conviction.  Accordingly, it is hereby

**ORDERED** as follows:

1.      The Clerk of the Court shall substitute Shannon Withers, the Acting Warden of USP-McCreary, as the respondent to this proceeding, in place of former Warden J. C. Holland.

2.      Leonard's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**;

3.      This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4.      Judgment shall be entered this date in favor of the Respondent.

This 21st day of June, 2013.



Signed By:

*Danny C. Reeves*

**United States District Judge**